UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIS L. MORROW,

        Plaintiff,

v.	CASE NO. 05-CV-73791-DT
	HONORABLE NANCY G. EDMUNDS

ALAN R. McLEOD, RICHARD BESSON,
SCOTT WATSON, D. PEWES, THE CITY
OF FLINT POLICE DEPARTMENT AND
CITY TREASURER,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

      This matter is pending before the Court on plaintiff Darris L. Morrow's *pro se* civil rights complaint under 42 U.S.C. § 1983 and Plaintiff's application for appointment of counsel. Plaintiff is a state prisoner who has been granted leave to proceed without prepayment of the filing fee for this action.  He is incarcerated at Mound Correctional Facility in Detroit, Michigan, but he was a parolee in Flint, Michigan during the events in question.

      Defendants are:  the City of Flint, Michigan, its Treasurer, and its Police Department; Sergeant Alan R. McLeod and Police Officers Richard Besson and Scott Watson of the Flint Police Department; and D. Pewes, who signed an appearance ticket/complaint on October 4, 2000, stating that Plaintiff failed to pay city income taxes for the year 1995.

      Plaintiff alleges that, on March 19, 2004, Officers McLeod and Besson stopped him pursuant to a tax warrant while he was driving in the City of Flint.  The officers searched

Plaintiff's car and found illegal substances and an illegal firearm.  Plaintiff was charged with possession of less than 50 grams of cocaine, maintaining a drug house, possession of a firearm by a felon, carrying a concealed weapon, and felony firearm.  He was convicted of the drug charges and sentenced to imprisonment for four years and ten months to fifteen years.  However, the complaint charging him with failure to file and pay city income taxes was dismissed.

Plaintiff alleges that he was incarcerated at the time he supposedly failed to file and pay city income taxes.  He further alleges that, before his release on parole in October of 2003, there were no outstanding warrants for his arrest on record.  Plaintiff claims that the arrest warrant was invalid and the search of his vehicle was illegal.  He maintains that his Fourth Amendment right to be free from unreasonable searches and seizures was violated and, therefore, he should not have been arrested on drug charges.  He seeks money damages and unspecified injunctive relief.

## II.  Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous and fails to state a claim because it attacks Plaintiff's conviction and current imprisonment. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Plaintiff "has no cause of action under § 1983 unless and until [his] conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Muhammad v. Close*, 540 U.S. 749 (2004)).

The Court recognizes that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. 487 n.7. "[S]uch a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.* (emphasis in original). However, to recover compensatory damages, "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury which . . . does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* (internal citation omitted) (emphasis in original).

The injury alleged here is Plaintiff's conviction, which has not been overturned, and his

3

present imprisonment. Because success in this action could undermine Plaintiff's conviction and demonstrate the invalidity of his present confinement, his § 1983 action is barred. *Wilkinson v. Dotson*, __ U.S. __, __, 125 S. Ct. 1242, 1248 (2005).

Furthermore, Plaintiff says that he named the City of Flint and the Flint Police Department as defendants because those entities employ and supervise the individual defendants. Although local governments may be sued under § 1983, "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690-91 (1978) (emphasis in original). For this additional reason, the claims against the City of Flint and the Flint Police Department are frivolous.

### III. Conclusion

Plaintiff's claims lack an arguable basis in law and, therefore, are frivolous. Accordingly, the application for appointment of counsel is denied, and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order also would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: November 14, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2005, by electronic and/or ordinary mail.

                                          s/Carol A. Hemeyer
                                          Case Manager